ARLA CATTLE COMPANY V. AUGUST BURK.

FILED JANUARY 5, 1905.　No. 13,559.

1. **Submission of Case:** RECITALS. When a cause is submitted without oral argument upon a brief by the plaintiff in error alone, recitals of fact in the brief not obviously erroneous, and, of course, not contradicted, will be taken as true.

2. **Evidence in this case** *held* insufficient to support the verdict.

ERROR to the district court for Cheyenne county: HANSON M. GRIMES, JUDGE. *Reversed.*

*Miles & McIntosh,* for plaintiff in error.

*H. E. Gapen, contra.*

AMES, C.

This case was submitted without oral argument, and upon a brief by the plaintiff in error alone. This court has several times decided that in such cases recitals of fact in the brief not obviously erroneous, and, of course, not disputed, will be taken as true.

The action is in replevin to recover possession of some cattle in the possession of the defendant at the beginning of the action, who had taken them under the estray law while they were trespassing upon his cultivated lands. As a defense to the action, he claimed in his answer a lien upon the animals for damages alleged to have been done by them at the time of the trespass, and recovered a verdict for $27 as the amount thereof. What purports to be substantially all the evidence bearing upon the question is set forth in the brief of plaintiff. The premises in question were an unfenced field of millet on the open prairie in a neighborhood in which there were several herds of cattle running at large. It was proved that all these herds had at divers times trespassed on the field, and had destroyed the greater portion of the crop prior to August 1, 1903,

when the cattle of the plaintiff trespassed and were taken into custody by the defendant, and when they are alleged in the answer to have done the damage complained of; but there is no evidence that they did any appreciable damage on that day, or any damage entitling the defendant to more than a nominal recovery, and it is the only fair inference from the evidence that they could not have done more because of the grain having been already destroyed. Neither is it shown what specific damage, if any, was done by the cattle of the plaintiff at any time. At the conclusion of the trial the court gave the following instruction:

"Unless it affirmatively appears that the cattle of the plaintiff did an actual damage to the defendant's millet at the particular time when they were taken up by the defendant, and that this damage was sufficient to amount to an actual and perceptible injury to be estimated in dollars and cents, you will not be justified in finding for the defendant."

It is evident that the verdict is in conflict with the instruction and with the law, and is unsupported by the evidence. The plaintiff prosecutes error.

It is recommended that the judgment of the district court be reversed and a new trial granted.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.